## KEY et al. v. STATE ex rel. HODGE. Co. Atty.

No. 15100—Opinion Filed Feb. 19, 1924.

(Syllabus.)

**Case Followed.**

The syllabus in the companion case, Emmett Key and J. A. Bodovitz v. State of Oklahoma ex rel. John L. Hodge, County Attorney, No. 15099 in this court (this day decided), is adopted as the syllabus here.

Injunction by the State on the relation of John L. Hodge, County Attorney, against Ernest Key and another. Judgment for plaintiff, and defendants bring error. Reversed and remanded.

Error from District Court, Carter County; W. F. Freeman, Judge.

Sigler & Jackson, for plaintiffs in error.

John L. Hodge, for defendant in error.

LYDICK, J. The state on relation of the county attorney of Carter county, Okla., filed a petition in the district court of that county, naming Ernest Key and Cleve Sampley as defendants. The parties will be referred to herein according to the position they occupied in the lower court. In the petition it is alleged that the defendant Sampley is the owner of a certain building at 110 East Main street, in Ardmore, Okla., that he rents same to Ernest Key, defendant, who ostensibly uses same for the purpose of operating a drug store therein known as the "Diamond A Drug Company," but that in truth and in fact and with the knowledge of the defendant Sampley, he is engaged in carrying on therein an illegal traffic in intoxicating liquors. The state sought an injunction to close the building under section 7022, Compiled Statutes 1921, in relation to enforcement of the prohibitory laws.

This is a companion case to cause No. 15099, in this court, entitled "Emmett Key and J. A. Bodovitz, Plaintiffs in Error, v. State of Oklahoma ex rel. John L. Hodge, County Attorney, Defendant in Error." The history of the proceedings in both cases in the lower court and result thereof is practically the same. The opinion handed down by this court on this day in said case is equally applicable on questions of both law and fact, and therefore an exten-

sive discussion in this opinion is unnecessary.

The only competent material evidence produced by the state in this case is as follows: The same detective who was a witness in the companion case referred to testified that on about the 5th of January, 1924, he bought a pint of whisky of the defendant Ernest Key at this place for $4.50. The deputy sheriff, who had held this position for more than a year, testified that something like a year before he had raided the place and found about 20 gallons of "Jamaica gin," and the place had a bad reputation. Another deputy sheriff said the place had a bad reputation, but it appears he had no knowledge about liquor ever being found there. The defendants produced as their witness the chief of police of Ardmore, by whom the defendants sought to prove that no liquor had ever been found in that place, but the court refused to permit an answer to the question. Defendants introduced Lloyd Long, who testified that he was a druggist and worked in this drug store, that it handled a general line of drugs, sundries and prescriptions, the average daily sales from which ran from $75 to $150, and that no liquor was sold there. Defendant Ernest Key testified that he owned the store and that it had a $6,000 or $8,000 stock of drugs and sundries, doing a legitimate daily business, and handled no whisky, and denied that he had made the sale referred to by the detective witness. A constable testified on behalf of the defendants that the reputation of the drug store was good. Over the objection of the defendants, the state introduced evidence showing that once before a certain rooming house operated by the defendant Ernest Key was closed by injunctions, and in which case a number of others were interested. The court rendered its final judgment, finding that Ernest Key had been a persistent violator of the prohibitory law, and ordered that the defendants be "enjoined, restrained, and debarred from operating said drug store for a period of one year * * * that the sheriff lock, bar, and securely fasten all doors, windows, and ways of ingress and egress and keep the same securely fastened until further order of this court."

Our analysis of the procedure and the quantum and character of evidence in the companion case referred to applies with equal force here, and our conclusions of law and fact are the same here as there.

The judgment of the district court is reversed, and the case is remanded, with instructions to set aside the order of injunction and to grant a new trial herein;

to forthwith return to the defendants the peaceable possession of all property seized under the order of injunction rendered by the lower court; to permit the defendants to further plead herein, and upon further trial, in event it appears by a preponderance of the evidence that the state is entitled to injunctive relief, to grant only such relief as from a preponderance of the evidence appears necessary in the enforcement of the laws involved and in competent accordance with this opinion of the court.

JOHNSON, C. J., and McNEILL, NICHOLSON, COCHRAN, HARRISON, and MASON, JJ., concur.